UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| RAYMOND G., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:25-CV-00016-CHB |
| ) | |
| v. ) | |
| ) | |
| FRANK BISIGNANO, *Commissioner of* ) | **MEMORANDUM OPINION** |
| *Social Security*, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

The Commissioner of Social Security ("Commissioner") denied Plaintiff Raymond Good's ("Plaintiff's") application for supplemental security income. Plaintiff seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). [R. 1]. Both Plaintiff, [R. 11], and the Commissioner, [R. 13], have filed their respective briefs. For the reasons that follow, the Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. The Court will therefore affirm the Commissioner's decision.

### I.    BACKGROUND

Plaintiff is forty-nine years old and has a limited education, completing only the ninth grade. [R. 10 (Transcript of Administrative Record (hereinafter "Tr.")), at 22].[1] He is presently unemployed and does not have any past relevant work experience. *Id.*; *id.* at 107.

Plaintiff protectively filed an application for supplemental security income under Title XVI

---

[1] Page number citations refer to the ECF-assigned page number as opposed to the page number included in the original pleading as there are sometimes disparities between the two.

of the Social Security Act, 42 U.S.C. § 1382c(a)(3) (the "Act"), on January 18, 2022. *Id.* at 99; *see also* [R. 11, p. 4 (Plaintiff's brief)]. Plaintiff alleges disability beginning on July 15, 2007, [R. 11, p. 4], due to anxiety, depression, memory and mental health problems, [Tr., p. 90].

Plaintiff's application was denied at the agency level and, following a hearing, *id.* at 63–89, Administrative Law Judge Brian A. Oakes ("ALJ") found Plaintiff not disabled on September 13, 2023. *Id.* at 23. Plaintiff requested review by the Appeals Council, which was denied on September 16, 2024. *Id.* at 5.

The ALJ applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 416.920; *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between the application date, January 18, 2022, and the date of the ALJ's review, September 13, 2023. [Tr., p. 16]. Next, the ALJ found that Plaintiff had severe impairments of depressive and bipolar disorder, personality disorder, and attention deficit hyperactivity disorder, *id.*, but found that the arthritis in his hands was a non-severe impairment, *id.* at 16–17. Third, the ALJ found that none of Plaintiff's impairments or combination of impairments met or medically equaled the severity of a listed impairment from 20 C.F.R. § 404, Subpt. P, App'x 1. *Id.* at 17.

> The ALJ then determined that Plaintiff had the residual functional capacity ("RFC") to
>
> perform a full range of work at all exertional levels but with the following non-exertional limitations: he can *understand and remember simple instructions*. He can maintain attention, concentration, and pace to carry out simple tasks over two-hour segments during an eight-hour workday. He can occasionally interact with co-workers, supervisors, and the general public. He can adapt to occasional workplace changes related to simple tasks.

[Tr., p. 19 (emphasis added)]. Fourth, the ALJ found that Plaintiff did not have any past relevant work. *Id.* at 22. Fifth and finally, considering Plaintiff's age, education, work experience, RFC,

2

and the vocational expert's testimony, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. *Id.*

Based on this evaluation, the ALJ concluded that Plaintiff was not disabled, as defined in the Act, at any point since Plaintiff's application date of January 18, 2022. *Id.* at 23. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied on September 16, 2024. *Id.* at 5. At that point, the denial became the final decision of the Commissioner. On November 21, 2024, Plaintiff sought an extension of time to file his civil action, *id.* at 32–34, which the Appeals Council granted on January 7, 2025, *id.* at 29–31. On February 5, 2025, Plaintiff filed this civil action seeking judicial review from this Court. [R. 1]. The Commissioner answered through filing the administrative record. [Tr.]. On May 2, 2025, Plaintiff filed his brief. [R. 11]. The Commissioner then submitted his brief titled as Motion for Summary Judgment. [R. 13]. The matter now stands submitted for review.

## II.   STANDARD OF REVIEW

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *Colvin v. Barnhart*, 475 F.3d 727, 729–30 (6th Cir. 2007). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations. *Id.* Rather, the Court must "affirm the Commissioner's conclusions unless the Commissioner failed to apply the correct legal standard or made findings of fact that are unsupported by substantial evidence." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

### III. ANALYSIS

As his first grounds for relief, Plaintiff contends that the ALJ improperly evaluated the medical opinion of Dr. Ollie Dennis, Ed.D. ("Dr. Dennis") and failed to incorporate into the RFC the limitations that Dr. Dennis concluded and that the ALJ found "generally persuasive." [R. 11, p. 8]; [Tr., p. 21]. Plaintiff argues that, although the ALJ found Dr. Dennis's findings generally persuasive, the ALJ did not incorporate the limitation that Plaintiff could "understand and remember one and two-step instructions with mild to moderate difficulty" into Plaintiff's RFC. [R. 11, pp. 9–11]; [Tr., p. 551]. Instead, the RFC includes the limitation language from two state agency specialists that Plaintiff "can understand and remember simple instructions." [Tr., p. 19]. Plaintiff maintains that the ALJ failed to provide legally sufficient reasoning or explanation for implicitly rejecting Dr. Dennis's findings. [R. 11, p. 10].

As his second grounds for relief, Plaintiff asserts that the ALJ erred as a matter of law for failing to reconcile the internal inconsistencies between the "conflicting" medical opinions of Dr. Dennis and the state agency specialists. *Id.* at 13. Plaintiff argues that Dr. Dennis's determination that Plaintiff could "understand and remember *1-2 step instruction* with mild to moderate difficulty" is "distinct," "inconsistent," and a "direct contradiction" of the state agency specialists' determination that Plaintiff could "understand and remember *simple instructions* and procedures." *Id.* at 13–14 (emphasis added); [Tr., pp. 551, 94–96, 103–107]. Because both of Plaintiff's asserted grounds for relief rely on the idea that these two limitations are in conflict with each other, the Court will address both in a consolidated manner. For the reasons set forth below, the Court concludes that, because these two limitations are not inconsistent or contradictory based on the record before the Court, the ALJ properly considered the medical evidence before him and did not err in his determination of Plaintiff's RFC.

4

The ALJ's RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2). The ALJ must also consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings. § 416.920c(b). In doing so, the ALJ will consider various factors, including the supportability and consistency of the medical opinions. § 416.920c(c).[2]

Plaintiff correctly observes that the ALJ is not permitted to simply ignore the evidence that contradicts the RFC or to reject it without explanation. *Maggard v. Berryhill*, No. 7:18-CV-74-EBA, 2019 WL 3468210, at *3 (E.D. Ky. July 31, 2019) (citations and quotation marks omitted) ("The ALJ must meaningfully explain why certain limitations are not included in the RFC determination—especially when such limitations are set forth in opinions the ALJ weighs favorably."); *see also Fleischer v. Astrue*, 774 F. Supp. 2d 875, 881 (N.D. Ohio 2011) (citing *Bryan v. Comm'r of Soc. Sec.*, 383 F. App'x. 140, 148 (3d Cir. 2010)); *Henson v. Comm'r of Soc. Sec. Admin.*, No. 1:24-CV-01692-JDG, 2025 WL 1569647, at *23 (N.D. Ohio May 30, 2025) (quoting *Fleischer*, 774 F. Supp. 2d at 881). However, Plaintiff is incorrect in stating that "the ALJ must provide an explanation for *any alterations or departures* from credited opinions." [R. 11, p. 11 (emphasis added)]. In support of this claim, Plaintiff cites a Sixth Circuit opinion that merely states that "an ALJ must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record.'" *Id.*; *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)). The broad claim that the ALJ must provide an explanation for *any alteration* is not supported by the sources that Plaintiff cites. In fact, the Sixth Circuit has been clear that the

---

[2] The Commissioner notes that Plaintiff does not challenge the ALJ's evaluation of the opinions of the state agency specialists or Dr. Dennis. [R. 13, p. 4]. Instead, Plaintiff solely argues that the opinions are in conflict and that the ALJ failed to incorporate Dr. Dennis' finding or otherwise failed to articulate why he rejected it after finding it persuasive. *See generally* [R. 11].

5

RFC does not need to be a verbatim copy of the relevant medical opinions. *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3)) (stating that the ALJ "is not required to recite the medical opinion of a physician verbatim in [the] residual functional capacity finding"); *see also Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015) (citation omitted) ("Even where an ALJ provides 'great weight' to an opinion, there is no requirement that an ALJ adopt a [reviewer's] opinions verbatim; nor is the ALJ required to adopt the [reviewer's] limitations wholesale.").

At a consultative psychological examination in April 2022, Dr. Dennis found, in relevant part, that

> MEDICAL SOURCE STATEMENT
> Considering Mr. Good performance on the examination, there are symptoms of depression associated with his circumstances, with a history of cannabis use/abuse, and features of a character disorder and possible cognitive deficits. *He probably can understand and remember one and two stage instructions with mild to moderate difficulty*. His capacity to sustain attention to complete tasks is mildly to moderately limited. Social interaction was generally mildly to moderately impaired. His overall capacity to adapt to pressures of normal daily work activity is probably moderately impaired at this time.

[Tr., p. 551 (emphasis added)]. On May 17, 2022, state agency consulting mental health specialist, Dr. Mary Thompspon, PhD, found that

> Clmt is able to:
> A. *Understand and remember simple instructions and procedures requiring brief initial learning periods, usually 30 days or less*,
> B. Sustain attention, concentration, effort and pace for simple tasks requiring little independent judgment & involving minimal variations & doing so at requisite schedules of work & breaks, including 2-hour time blocks,
> C. Interact frequently as needed with supervisors and peers & sufficiently for task completion, yet requiring no more than occasional interaction with the public, (very little to 1/3 of the time)
> D. Adapt adequately to situational conditions and changes with reasonable support & structure.

*Id.* at 96 (emphasis added). On October 2, 2022, another state agency mental health specialist, Dr.

Michelle Bornstein, PsyD, found that

> Clmt is able to:
> A. *Understand and remember simple instructions and procedures requiring brief initial learning periods, usually 30 days or less*,
> B. Sustain attention, concentration, effort and pace for simple tasks requiring little independent judgment & involving minimal variations & doing so at requisite schedules of work & breaks, including 2-hour time blocks,
> C. Interact frequently as needed with supervisors and peers & sufficiently for task completion, yet requiring no more than occasional interaction with the public, (very little to 1/3 of the time)
> D. Adapt adequately to situational conditions and changes with reasonable support & structure.

*Id.* at 103 (emphasis added). Adopting much of the state agency specialists' opinions verbatim, the ALJ's RFC found that Plaintiff could

> perform a full range of work at all exertional levels but with the following non-exertional limitations: he can *understand and remember simple instructions*. He can maintain attention, concentration, and pace to carry out simple tasks over two-hour segments during an eight-hour workday. He can occasionally interact with co-workers, supervisors, and the general public. He can adapt to occasional workplace changes related to simple tasks.

*Id.* at 19 (emphasis added).

As the Commissioner correctly points out, "Plaintiff's argument rests on the assumption that Dr. Dennis's opinion conflicts with the RFC" as well as the opinions of the state agency specialists. [R. 13, p. 5]. The fact that the ALJ did not explain why the RFC uses language that is different from Dr. Dennis's final assessment is not necessarily determinative. *See Poe*, 342 F. App'x at 157; *Reeves*, 618 F. App'x at 275. The relevant question here is whether the ALJ's findings in the RFC contradict Dr. Dennis's final assessment that the ALJ found generally persuasive. *See Fleischer*, 774 F. Supp. 2d at 881. The Court agrees with the Commissioner that they do not.

The caselaw on this issue is not a model of clarity. The Sixth Circuit has yet to specifically address whether one- and two-step instructions are meaningfully different than simple instructions

7

regarding social security disability determinations. Further, district courts within the Sixth Circuit have been inconsistent in treating these as the same or distinct—likely a product, at least in part, of the particular record before the reviewing court. *See, e.g.*, *O'Neil v. Comm'r of Soc. Sec.*, No. 2:19-CV-2966, 2020 WL 415611, at *3 (S.D. Ohio Jan. 27, 2020) (ALJ treating as distinct, but the Court making no determination); *Green v. Comm'r of Soc. Sec.*, No. 3:20-CV-01623-JGC, 2022 WL 610643, at *4 (N.D. Ohio Mar. 2, 2022) (treating as distinct but noting that "[w]hile the parties appear to agree that they are different, the ALJ did not indicate whether she shared that view"); *Smith v. Comm'r of Soc. Sec.*, No. 1:20-CV-1366, 2021 WL 3566695, at *5 (N.D. Ohio May 28, 2021) (reviewing medical report limiting plaintiff to "one-step simple tasks"), *report and recommendation adopted*, No. 1:20 CV 01366, 2021 WL 2800549 (N.D. Ohio July 6, 2021); *Lonaker v. Astrue*, No. CIV.A. 11-383-HRW, 2013 WL 663577, at *4 (E.D. Ky. Feb. 22, 2013), *aff'd* (Apr. 17, 2014) (discussing the plaintiff's ability to complete "simple one and two-step tasks"); *Bray v. Berryhill*, No. 1:16-CV-00183-LLK, 2017 WL 3573819, at *4–5 (W.D. Ky. Aug. 17, 2017) (internal quotation marks omitted) (treating "simple instructions" and "mild to moderate limitations in the areas of understanding and remembering one and two stage instructions" as consistent); *Taira T. v. Kijakazi*, No. 123CV00050CRSLLK, 2023 WL 8696375, at *2–3 (W.D. Ky. Nov. 13, 2023) (holding that an RFC that the plaintiff could "understand, remember, and carry out instructions to perform simple and routine tasks" and Dr. Dennis's determination that the plaintiff probably could "understand and remember one and two stage instructions with mild to moderate difficulty" was "[a]t best . . . an insubstantial difference in wording"), *report and recommendation adopted*, No. 1:23-CV-50-CRS-LLK, 2023 WL 8522602 (W.D. Ky. Dec. 8, 2023).

Turning to this case, the Court finds the ALJ properly considered all the medical opinion

8

evidence and fully incorporated it into the RFC. Notably, the state agency specialists explicitly considered Dr. Dennis's medical opinion when crafting their opinions. [Tr., pp. 94–96 (Dr. Thompson)]; *id.* at 103–107 (Dr. Bornstein). After determining that Dr. Dennis's medical opinion was "supported by objective findings and is found to be more persuasive," the state agency specialists explicitly stated that Dr. Dennis's assessment was *not* more restrictive than theirs. *Id.* at 94, 104. Accordingly, the state agency specialists viewed their own findings to be functionally equivalent to the findings of Dr. Dennis. The record belies the alleged conflict that Plaintiff describes. It instead shows implicit and explicit agreement between Dr. Dennis and the state agency specialists as to Plaintiff's limitations. *See generally*, *Taira T.*, 2023 WL 8696375, at *2–3. Dr. Dennis' own report lends some support to the understanding that the two findings were interchangeable. Before concluding at the end of his report that Plaintiff "probably can understand and remember one and two stage instructions with mild to moderate difficulty," [Tr., p. 551], he noted that Plaintiff "indicated that he was generally able to complete *simple tasks* with little difficulty," *id.* at 550 (emphasis added).

As mentioned, the ALJ expressly reviewed and weighed the precise opinions of Dr. Dennis and the two state agency specialists and found them all to be "generally persuasive" and "generally consistent with subsequent medical evidence." *Id.* at 20–21. And, as mentioned, the state agency specialists reviewed and relied on the opinion of Dr. Dennis and found no significant difference between their opinions and the opinion of Dr. Dennis. *Id.* at 94, 104. Thus, the ALJ implicitly determined that Dr. Dennis's and the state agency specialists' limitation conclusions were compatible with each other. *Id.* at 20–21. *See Taira T.*, 2023 WL 8696375 at *3 (after noting that the ALJ reviewed the opinions of the state agency specialists and Dr. Dennis's opinion and found them all to be "persuasive," the Court held that the "ALJ implicitly found that there is no significant

9

difference between the opinions . . . ."). This finding is supported by substantial evidence. *See generally* [Tr., pp. 19–21]. The RFC is a verbatim copy of the language used by the state agency specialists, and it contains no error. *Compare id.* at 19 (RFC), *with id.* at 20, 96, 105 (state agency specialists' opinions).

Plaintiff argues that the ALJ erred in omitting the one- and two-step instruction limitation from the RFC, or at least that he erred in failing to explain the omission. [R. 11, pp. 10–11]. However, the ALJ had no obligation to include this limitation or explain its absence because it is not in conflict with the RFC that the ALJ adopted. *See Poe*, 342 F. App'x at 157; *Reeves*, 618 F. App'x at 275. Stated another way, the ALJ *did* incorporate the findings of Dr. Dennis when he incorporated the language of the state agency specialists because the various opinions were equivalent. The ALJ was not bound to adopt the verbatim language from Dr. Dennis. *See Poe*, 342 F. App'x at 157; *Reeves*, 618 F. App'x at 275. That is especially true here, where the ALJ implicitly found Dr. Dennis's opinion to be compatible with the state agency specialists' opinions, which the ALJ *did* adopt verbatim. As the *Taira T.* court found, Plaintiff's argument is based on an "overly close" reading of Dr. Dennis's words, and at best, Plaintiff has identified an "insubstantial difference." *Taira T.*, 2023 WL 8696375, at *3. On this record, there is no reason to believe that a person capable of understanding and remembering one- and two-step instructions with mild to moderate difficulty could not also perform simple instructions.

The best support for Plaintiff's claim is the *Green* case out of the Northern District of Ohio. 2022 WL 610643, at *4. *Green* is distinguishable on several grounds. Unlike here, the parties in *Green* agreed that the two limitation terms were in fact distinct. *Id.* While the court in *Green* also determined that the ALJ erred "[r]egardless of whether the two concepts are distinct," *id.*, the circumstances were different. The *Green* court noted that it was not evident from the record

whether the ALJ believed that "simple tasks" were different than one- to two- step tasks. *Id.* Thus, it was impossible to know whether the ALJ meant to adopt the state examiners' opinion or deviate from it. *Id.* That is simply not the case here for the reasons articulated above. Namely, the ALJ here expressly reviewed, all the opinions—including the state agency specialists' opinions which expressly relied on Dr. Dennis's findings and found that his assessment was not more restrictive than their own—and collectively found them "generally persuasive."

Other courts faced with this issue have similarly found that these two limitation terms are not at odds. *See, e.g.*, *Corwin v. Kijakazi*, 2021 WL 5771658, at *3 (E.D. Cal. Dec. 6, 2021) ("[I]f [the plaintiff] can perform not only simple one to two step tasks but also simple and routine tasks, it is appropriate for the RFC to reflect only the latter."); *Alicia M. v. O'Malley*, No. 5:23-CV-01281-AJR, 2024 WL 3304519, at *6 (C.D. Cal. Mar. 8, 2024) ("Based on the consultants' findings that Plaintiff could perform simple tasks, the ALJ did not reject, expressly or implicitly, a more restrictive finding that Plaintiff could perform only 1-2 step tasks. Rather, the ALJ properly determined in the RFC that Plaintiff is limited to 'simple, routine and repetitive tasks.'"); *Corbitt v. Kijakazi*, No. 2:20-CV-771-CWB, 2023 WL 2703996, at *6–10 (M.D. Ala. Mar. 29, 2023) (rejecting the plaintiff's argument that the ALJ erred by re-wording the medial opinion of being able to follow "simple 1-2 step instructions" as the ability to carry out "simple routine tasks"); *but see Zachary A. v. Dudek*, No. CV 23-3197-CDA, 2025 WL 948380, at *5 (D. Md. Mar. 28, 2025) ("What compels remand here is the 'need for further explanation' why a '1-2 step instructions' limitation is accounted for by a 'simple instructions and routine, repetitive tasks' limitation, despite the limitations being significantly different."); *Martinez v. Berryhill*, No. 16 C 9240, 2018 WL 2984829, at *3 (N.D. Ill. June 14, 2018) ("[T]he ALJ restricted Plaintiff to 'simple, routine tasks' without explaining his reason for omitting the one- to two-step limitation . . . this situation

11

demands remand.").

Even if the ALJ had erred in failing to include or explain away the one- and two-step instruction limitation, that error would have been harmless here. Plaintiff argues that this alleged error was not harmless because "every single job the ALJ found at step five that the Plaintiff could allegedly perform" requires a "'Reasoning: Level 2,' which requires a worker in relevant part to '[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions.'" [R. 11, p. 12 (alteration in original) (quoting DICTIONARY OF OCCUPATIONAL TITLES 4TH ED. REVISED, 1991, Appx. C 1011)]. As Plaintiff argues, the "one-to-two step tasks limitation . . . is level 1 reasoning," and thus, inconsistent with the available work that the ALJ found at step five based on the vocational expert's testimony. *Id.* However, as the Commissioner correctly points out, [R. 13, p. 6], the Sixth Circuit has rejected this argument that a one- and two-step instruction limitation is inconsistent with a vocational expert's testimony that Plaintiff could perform jobs at a higher reasoning level based on alleged misalignment with the Dictionary of Occupational Titles ("DOT"). *Matelski v. Comm'r of Soc. Sec.*, No. 97-3366, 1998 WL 381361, at *6 (6th Cir. June 25, 1998) (finding the DOT reasoning level requirements "merely advisory"); *see also Wright v. Massanari*, 321 F.3d 611, 616 (6th Cir. 2003) ("[T]he ALJ and consulting vocational experts are not bound by the Dictionary in making disability determinations because the Social Security regulations do not obligate them to rely on the Dictionary's classifications."); *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) ("[T]here is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications."). Thus, even if the ALJ had erred in failing to include or explain away Dr. Dennis's one- and two-step instruction limitation, that error would have been harmless because there was still substantial evidence based on the record and the vocational expert's testimony to support the jobs identified

by the ALJ at step five.

Based on the record before the Court, there is no meaningful difference between *one- and two-step instructions with mild to moderate difficulty* and *simple instructions*, and the ALJ was not required to include or explain away the specific language from Dr. Dennis's medical opinion. The ALJ applied the correct legal standards, thoroughly considered the record evidence, including the medical opinion testimony, and his findings are supported by substantial evidence. Plaintiff has raised no convincing arguments to the contrary. The Court finds no error in the ALJ's decision, and even if there was such an error, that error was harmless.

### IV.    CONCLUSION

For the above-stated reasons, the Court finds that the Commissioner's decision is supported by substantial evidence in the record and complies with the applicable regulations. **IT IS HEREBY ORDERED** as follows:

1. The final decision of the Commissioner is **AFFIRMED**.

2. A separate Judgment will be entered consistent with this Order.

This the 22nd day of December, 2025.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY